﻿Citation Nr: AXXXXXXXX
Decision Date: 03/18/19 Archive Date: 03/18/19

DOCKET NO. 181107-1147
DATE: March 18, 2019

ORDER

A rating higher than 40 percent for hypertension, from August 31, 2001 to May 19, 2018, is denied.

FINDINGS OF FACT

1. Since August 31, 2001, the Veteran has had diastolic pressure of predominantly 120 or more. 

2. Since August 31, 2001, the Veteran has not had diastolic pressure of predominantly 130 or more. 

CONCLUSION OF LAW

The criteria for entitlement to a rating higher than 40 percent for hypertension, from August 31, 2001 to May 19, 2018, have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1-4.10, 4.104, Diagnostic Code (DC) 7101. 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program, and has written this decision consistent with the new AMA framework.

The Veteran served on active duty from July 1972 to July 1974. His claim comes before the Board of Veterans’ Appeals (Board) on appeal of a December 2016 Decision Review Officer (DRO) decision increasing the rating assigned his hypertension to 40 percent from August 31, 2001.

The Veteran selected the Higher-Level Review lane when he submitted a RAMP election form. Accordingly, in its September 2018 RAMP decision, a DRO at the Agency of Original Jurisdiction (AOJ) considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence the DRO considered. 

INCREASED RATING

The Veteran is currently service connected for hypertension, rated 40 percent disabling under DC 7101, from August 31, 2001, and hypertensive heart disease, rated 60 percent disabling under DC 7007.

The Veteran claims that his hypertension should have been assigned a separate 60 percent rating since January 12, 1998. The issue that has been properly prepared for appellate review, however, is whether such a rating, or one higher, is assignable for the period extending from August 31, 2001 to May 19, 2018.

Entitlement to a rating higher than 40 percent for hypertension, from August 31, 2001 to May 19, 2018

In the decision on appeal, the AOJ found that the Veteran’s hypertension manifested as diastolic blood pressure readings of predominantly 120 or more. Based on that finding, the AOJ assigned the Veteran a 40 percent rating for his hypertension under DC 7101.

DC 7101, which governs ratings of hypertensive vascular disease (hypertension and isolated systolic hypertension), provides that a 40 percent rating is assignable for diastolic pressure predominantly 120 or more. A 60 percent rating, the maximum rating assignable under this DC, requires diastolic pressure predominantly 130 or more. 38 C.F.R. § 4.104, DC 7101.

Reviewing evidence dated since March 2002, the AOJ found that, during the critical period, the Veteran did not have diastolic pressure of predominantly 130 or more. The Board concurs. Medical evidence dated since 2001 indeed shows lower blood pressure readings. During a July 2001 urgent care visit, the Veteran had blood pressure of 147/103, 148/108, 122/96, 128/102 and 130/100. During an August 2001 cardiology visit, the Veteran had blood pressure of 147/103, 135/90, 160/100 and 150/100. In October 2001, he had blood pressure of 149/98 and 140/80 and, in November 2001, he had blood pressure of 112/72. 

During a VA examination conducted in March 2002, the Veteran reported that, typically, he had blood pressure of 130/98, at rest, and of 160/116, during episodes of tachycardia. The examiner noted blood pressure of 178/108. During a VA examination conducted in August 2003, the Veteran had blood pressure of 160/100 (twice) and 160/98. During a VA examination conducted in December 2007, he thrice had blood pressure of 170/110. During a VA examination conducted in November 2014, he had blood pressure of 160/98 (twice) and 160/95.

These records establish that, during the critical period, the Veteran never once, let alone predominantly, had diastolic blood pressure of 130 or more. The Veteran does not assert otherwise. In the absence of both medical and lay evidence establishing diastolic blood pressure predominantly 130 or more, the criteria for entitlement to a rating higher than 40 percent for hypertension from August 31, 2001, are not met.

The Veteran has presented multiple arguments in support of this appeal. He first argues that, in the December 2016 decision, the DRO committed clear and unmistakable error (CUE) by assigning his hypertension a 40 percent, rather than a 60 percent, rating. A CUE claim, however, is a collateral attack on a prior, final decision, see Smith v. Brown, 35 F.3d 1516, 1527 (Fed. Cir. 1994), and the December 2016 DRO decision to which the Veteran refers is the subject of this appeal, is not final, and cannot serve as the basis of any CUE motion. See Link v. West, 12 Vet. App. 39, 45 (1998). Once the decision becomes final, the Veteran is free to submit a CUE motion referencing it, provided he specifies the error(s) of fact and/or law for which he is seeking revision. Disabled American Veterans v. Gober, 234 F.3d 682, 698-99 (Fed. Cir. 2000). 

To understand the remainder of the Veteran’s assertions, it is necessary to provide a procedural background pertaining to his hypertension.

In May 1979, the AOJ granted the Veteran service connection for hypertension with hypertensive cardiovascular disease and assigned that disability a 0 percent rating pursuant to DCs 7101-7007. At the time, there was no evidence that the Veteran had heart disease, and, in any event, regulations did not allow for the assignment of a separate rating for hypertension when a claimant had that condition as well as heart disease. 

In October 1979 and September 1981, respectively, the AOJ increased the rating assigned the Veteran’s heart disability, recharacterized as hypertension, to 10 and 40 percent, pursuant to DC 7101, based solely on the Veteran’s blood pressure readings. 

In November 1983, the AOJ recharacterized the Veteran’s heart disability as hypertensive heart disease, and increased the rating assigned that disability to 60 percent pursuant to DC 7007, which governs ratings of hypertensive heart disease, but based solely on the Veteran’s blood pressure readings. In January 1986, the AOJ reduced this rating to 30 percent. 

On August 31, 2001, the AOJ received the Veteran’s claim for an increased rating and, in April 2002, the AOJ granted this claim by increasing the rating assigned the Veteran’s hypertensive heart disease to 60 percent, pursuant to DC 7007. 

In February 2014, the Veteran filed a motion for revision of the AOJ’s January 1986 and April 2002 decisions based on CUE, the former on the basis that the reduction was improper, the latter on the basis that the AOJ should have assigned the Veteran a separate rating for hypertension based on a January 12, 1998 change in regulations allowing for such a rating. 

In May 2014, the AOJ found CUE in the April 2002 decision for the reason asserted, assigned the Veteran a separate 10 percent rating for hypertension under DC 7101, from August 31, 2001, and continued the 60 percent rating assigned the hypertensive heart disease under DC 7007.

In May 2015, the AOJ found CUE in the January 1986 decision reducing the rating assigned the Veteran’s hypertensive heart disease to 30 percent. Consequently, the 60 percent rating first assigned the Veteran’s hypertensive heart disease in November 1983, became protected, in effect since September 26, 1983. 

The Veteran appealed the May 2014 decision assigning his hypertension a separate 10 percent rating, initially claiming that a 40 percent rating should be assigned. However, in September 2015, and subsequently, after the AOJ increased the rating to 40 percent, as requested, he argued that a 60 percent rating, now protected, should be assigned from January 12, 1998, the effective date of the change in regulations. Since then, he has questioned why the AOJ has characterized the claim on appeal as entitlement to an increased rating and reviewed his recent blood pressure readings, when he is seeking revision of the April 2002 decision. On multiple occasions, he attempted to withdraw the increased rating claim to pursue what he believes is a pending CUE claim. 

Unfortunately, in February 2014, when the Veteran filed a CUE motion alleging that the AOJ erred in its April 2002 decision by failing to assign his hypertension a separate rating, he did not specify the rating percentage sought. Thus, in May 2014, when the AOJ found CUE in the April 2002 decision and assigned the hypertension a separate rating, the Veteran’s February 2014 CUE motion was satisfied. As previously noted in this decision, a CUE motion requires specificity. The motion must reference the error(s) of fact and/or law for which the claimant is seeking revision and, here, the Veteran’s motion did not mention a 60 percent, or any other percent, rating. 

The Veteran first mentioned a 60 percent rating in September 2015 and, based on that submission, this appeal ensues. In December 2016 the AOJ denied this rating and the Veteran properly appealed the denial. The only assertions that are therefore relevant in this case are those that speak to the issue of whether the Veteran’s hypertension has been more than 40 percent disabling since August 31, 2001, and the Veteran has not spoken to this issue. In hoping to alleviate some of the Veteran’s frustration, the Board will nonetheless address the Veteran’s primary contention.

The Veteran contends that the 60 percent rating initially assigned his heart disability should have been continued and assigned his hypertension when the Veteran first became eligible for a separate rating for the hypertension. He points out that, in October 1979, September 1981 and November 1983, the AOJ increased the ratings assigned his heart disability based solely on his blood pressure readings. 

Indeed, in November 1983, when the AOJ increased the rating assigned the Veteran’s heart disease to 60 percent, it curiously did so under DC 7007, which governs ratings of hypertensive heart disease, rather than DC 7101, which governs ratings of hypertension, even though the findings relevant to the heart disease did not meet the criteria for a 60 percent rating under DC 7007. 

Regardless, when, pursuant to the regulatory change, the AOJ separated the Veteran’s hypertension rating from his hypertensive heart disease rating, it did not ignore his protected 60 percent rating. Rather, it continued the 60 percent protected rating, just not under DC 7101. In one written statement, the Veteran mentions the possibility of being assigned 60 percent ratings for both his hypertensive heart disease and hypertension, based on the initial protected rating, with the caveat that a 100 percent combined rating is the maximum available, but there is no law or regulation allowing for such action. In November 1983, had the AOJ continued the protected 60 percent rating under DC 7101, assigning it to the Veteran’s hypertension, rather than the hypertensive heart disease, the facts in this case would be reversed; when the Veteran became entitled to separate ratings, the 60 percent rating assigned his hypertension would have been protected and the Veteran would be seeking a separate rating, whatever the percentage, for his hypertensive heart disease. 

To the extent the Veteran intends these contentions to represent a CUE motion pertaining to the November 1983 rating decision, the April 2002 rating decision, or any other rating or Decision Review Officer decision noted above, he should file such a motion, specifying the error alleged. In the meantime, such contentions are insufficient to establish his entitlement to the benefit discussed in this appeal. 

In this case, the criteria for entitlement to a rating higher than 40 percent for hypertension from August 31, 2001 to May 19, 2018, are not met, and the claim is denied.

 

LESLEY REIN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD L. N., Counsel